# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| Teresa Petricca and Bruce Petricca | ) | |
| Plaintiffs | ) ) ) | Case No. 9:20cv80347 |
| vs. | ) ) ) | |
| Abbey Village Condominium Association, Inc. | ) ) ) ) | |
| Defendant | ) | |

## COMPLAINT

Teresa Petricca and Bruce Petricca ("Plaintiffs") who by and through the undersigned counsel files this Complaint against Abbey Village Condominium Association, Inc. ("Defendant" and or "Association") and alleges as follows:

1. This is an action at law and in equity against Defendant to address its retaliatory conduct against the Plaintiffs, who are disabled, arising under the Federal Fair Housing Act, 42 U.S.C. §3604, §3613, and the Florida Fair Housing Act, Chapter 760.23 *et seq.*, Florida Statutes, and for unlawful converting the property of the Plaintiffs.

## JURISDICTION AND VENUE

2. This Court has jurisdiction and venue over this action pursuant to 42 U.S.C. §3613(a) and 28 U.S.C. §1331, §1343(a), and §§2201-2202. Plaintiffs further invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. §1367 to address violation of Plaintiffs' rights under state law, which arise under the same nucleus of operative facts and circumstances as Plaintiff's federal cause of action.

3. Venue is appropriate in this District pursuant to 28 U.S.C. §1391, as Defendant is a condominium association located in this District, and all acts and transgressions giving rise to the cause of action herein occurred in this District.

**PARTIES**

4. At all times material hereto, Plaintiff, TERESA PETRICCA, was and is a resident of Palm Beach County, Florida, over the age of 18 years, *sui juris*, and an individual who suffers from Spinal Stenosis and Orthostatic Hypotension, and has significant functional impairments and conditions which substantially limit one or more major life activities.

5. At all times material hereto, Plaintiff, BRUCE PETRICCA, was and is a resident of Palm Beach County, Florida, over the age of 18 years, sui juris, and an individual who suffers from Heart Failure (atrial fibrillation, atrial flutter), Congestive Heart Failure, type 2 diabetes, high blood pressure and neuropathy in hands in the feet, and has significant functional impairments and conditions which substantially limit one or more major life activities.

6. At all times material hereto, Defendant, ABBEY VILLAGE CONDOMINIUM ASSOCIATION, INC., was and is a Florida not-for-profit corporation and a condominium 9address of 6294 ABBEY LANE, DELRAY BEACH, FL 33446.

**FACTS**

**Plaintiffs exercised a Fair Housing Right**

7. Plaintiffs reside at 4 Abbey Ln, Units 205 and 208, Delray Beach, FL 33446 which are governed by the Defendant Association.

8. Plaintiffs are unit owners and members of the Association.

9. Plaintiff Teresa has a "disability" as that term is defined under the Americans with Disabilities Act, the Fair Housing Act and the Rehabilitation Act of 1973.

10. Plaintiff Bruce has a "disability" as that term is defined under the Americans with Disabilities Act, the Fair Housing Act and the Rehabilitation Act of 1973.

11. On July 5, 2018 Plaintiff, TERESA PETRICCA filed a lawsuit against the Association alleging violations for arising under the Federal Fair Housing Act, 42 U.S.C. §3604, §3613, and the Florida Fair Housing Act, Chapter 760.23 *et seq.*, Florida Statutes, Case No. 9:18-cv-80896-RLR (the "Lawsuit").

12. Plaintiff, BRUCE PETRICCA, the son of TERESA PETRICCA, assisted her in the prosecution of the Lawsuit against the Association.

13. Prior to filing the Lawsuit, TERESA PETRICCA, on June 12, 2017 filed a complaint with the Palm Beach County Office of Equal Opportunity (OEO) and with HUD on September 25, 2017 alleging that the Plaintiff was injured by a discriminatory act of the Association.

**Association was aware Plaintiff exercised their Fair Housing Rights**

14. The Association was contacted by OEO in regards to the complaint filed by Teresa.

15. The Association was contacted by HUD in regards to the complaint filed by Teresa.

16. The Association was duly served in the Lawsuit.

17. On November 9, 2018 the Association filed its Answer and Affirmative Defenses to the Lawsuit (See DE 25 in Case No. 9:18-cv-80896-RLR).

18. On November 14, 2018, a mediation was conducted in the Lawsuit which resulted in the filing of a Mediation Report (DE 27 in Case No. 9:18-cv-80896-RLR) on November 18, 2018 indicating that a confidential settlement agreement was reached by the parties and the case was closed by Order on the same date (See DE 28 in Case No. 9:18-cv-80896-RLR).

**Association subsequently took adverse action against the Plaintiffs**

    **A. Removal of Parking Spaces**

19. Plaintiffs own parking spaces 4-20 and 4-17 (the "Parking Spaces") in the Association as evidenced by those certain Deeds the first dated March 5, 1997 and recorded on March 10, 1997 in Official Records Book 9689, Page 857 of the Public Records of Palm Beach County, Florida and the second dated February 2, 1999 and recorded on February 19, 1999 in Official Records Book 10924, Page 995 of the Public Records of Palm Beach County, Florida, a true and correct copy of which are collectively attached hereto as Exhibit A.

20. The owner of the Parking Spaces shall have *"the exclusive right to the use thereof"* pursuant to Article XIII, Transfer of Parking Spaces, of the Declaration of Condominium of Abbey Villages of Oriole recorded in Official Records Book 2390, Page 1157 through 1215 of the Public Records of Palm Beach County, Florida (the "Declaration") , a true and correct copy of the relevant portions of said Declaration being attached hereto as Exhibit B.

21. In February 2020, the Association, without the consent of the Plaintiffs, took control of the deeded Parking Spaces and the Plaintiffs no longer have any use of the original deeded Parking Spaces as a result.

22. Also, in February 2020, the Association re-assigned the guest space located outside Building 4, where the Plaintiffs reside to an individual resident. This guest space was used by the Plaintiffs and other residents of the Association as a handicapped space for the past 23 years.

23. Visitors and vendors are now permitted to park on the Plaintiffs parking spaces.

24. The Association has treated other residents of the Association differently from the Plaintiffs by giving them parking spaces in from of their buildings. For example, Sharon G. Lopiccolo

in Building 27 and Marcia Isaac in Building 4 were given spaces in front of their buildings, while the Plaintiffs parking spaces were re-assigned to be in front of Building 5.

**B. Change in Access to Association Financial Records**

25. Prior to the Lawsuit, for 23 years, Plaintiff Bruce had been requesting and receiving by electronic transfer full sets of Abbey Village monthly financial records at no charge.

26. After the Lawsuit, the Association will no longer provide Plaintiff Bruce monthly financial records via electronic transfer and instead require Plaintiff Bruce to make a request in writing and the Association will comply with the request in writing at the cost of $0.25 cents per page.

**C. The Lawsuit**

27. The Association has further retaliated against the Plaintiffs for the filing of the Lawsuit and reporting the Association to OEO and HUD by and through the actions of members of the Board of Directors, President, David Kaplan, Marilyn Brilliant Kaplan, Betsy Beloise, Barbara Shavel and Jerry McCormack all of whom have stated at an Association board meeting that the Plaintiffs (through the property manager, when she announced at an open Board meeting, with the Board present, that the reason why legal fees are so high is because unit owners "like" to sue Abbey Village.

28. Board President, David Kaplan has also violated the terms of the Confidential Mediated Settlement Agreement by disclosing the financial terms to Association members, inflating the amount the Plaintiffs received to attempt to lower the opinion of the Association members of the Plaintiffs.

### D. Miscellaneous Acts

29. The Association has further retaliated against the Plaintiffs by and through the action of President David Kaplan who: (i) told various individuals that Plaintiff Bruce is a troublemaker; (iii) stated to members of the Association that Plaintiff Bruce Urinates in the community pool.

## COUNT I:
## RETALLIATION: VIOLATION OF THE FEDERAL HOUSING ACT

30. The allegations of paragraphs 1 through 29 are hereby re-alleged as if fully set forth herein.

31. This is an action for injunctive relief and damages pursuant to the Federal Fair Housing Act, 42 U.S.C. §3613, which provides for a civil action to remedy discrimination against disabled persons as provide by 42 U.S.C. §3604 (Section 804 of the Fair Housing Act).

32. Pursuant to 46 U.S.C. §3613, if the Court finds that a discriminatory housing practice has occurred or is about to occur, the Court may award Plaintiff actual and punitive damages, as well as injunctive relief.

33. The Plaintiff is an "aggrieved person" as that term is defined pursuant to 42 U.S.C. § 3602.

34. 42 U.S.C. § 3617 (Section 818 of the Fair Housing Act) states in relevant part:

*"It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title."*

35. 24 CFR § 100.400 – Prohibited interference, coercion or intimidation states in relevant part:

*"(a) This subpart provides the Department's interpretation of the conduct that is unlawful under section 818 of the Fair Housing Act."*

*"(c) Conduct made unlawful under this section includes, but is not limited to, the following:*

*(5) Retaliating against any person because that person has made a complaint, testified, assisted, or participated in any manner in a proceeding under the Fair Housing Act.*

*(6) Retaliating against any person because that person reported a discriminatory housing practice to a housing provider or other authority."*

36. The Defendant Association committed a unlawful conduct, as that term is defined pursuant to 24 CFR § 100.400 by and through the Association's retaliatory conduct of taking the Plaintiffs parking spaces and re-assigning the guest parking space in front of the Plaintiffs building which was used by the Plaintiffs and other residents as a handicapped space for over 23 years in retaliation for: (i) the Plaintiffs filing the Lawsuit against the Association; and (ii) reporting the Associations discriminatory housing practices to the Palm Beach County Office of Equal Opportunity (OEO) and HUD.

37. The Defendant Association committed a unlawful conduct, as that term is defined pursuant to 24 CFR § 100.400 by and through the Association's retaliatory conduct of changing the Plaintiff Bruce's access to the Association financial records in retaliation for: (i) the Plaintiffs filing the Lawsuit against the Association; and (ii) reporting the Associations discriminatory housing practices to the Palm Beach County Office of Equal Opportunity (OEO) and HUD.

38. The Defendant Association committed a unlawful conduct, as that term is defined pursuant to 24 CFR § 100.400 by and through the Association's retaliatory conduct of disclosing the confidential mediated settlement agreement and inflating the amount received by the Plaintiffs in order to lower the opinion of the Association members towards the Plaintiffs in retaliation for: (i) the Plaintiffs filing the Lawsuit against the Association; and (ii) reporting the Associations discriminatory housing practices to the Palm Beach County Office of Equal Opportunity (OEO) and HUD.

39. Plaintiff seeks a permanent injunction against Defendant from any further retaliation against the Plaintiffs for exercising their legal rights under the Fair Housing Act and report violations of to the proper authorities.

40. The Defendant's conduct is described hereinabove is intentional and malicious, and undertaken with reckless and wanton disregard for Plaintiffs' civil rights and health, causing Plaintiffs severe emotional and psychological stress and distress, warranting an award of damages.

41. Plaintiffs have retained the undersigned counsel to bring this action and is entitled to recover all of their reasonable attorney's fees and costs from the Defendant, pursuant to 42 U.S.C. §3613(c)(2).

WHEREFORE, Plaintiffs, demand judgment against the Defendant:

(i) awarding compensatory damages;

(ii) awarding temporary and permanent injunctive relief:

    a. preventing the Association from any further retaliation against the Plaintiffs for exercising their legal rights under the Fair Housing Act and report violations of to the proper authorities;

    b. Prohibiting Defendant, or any person or agent acting on orders or at the behest of Defendant, from harassing Plaintiffs in any manner;

    c. Prohibiting Defendant, including any officer, agent, or employee of Defendant, from threatening to take, taking, or continuing, any retaliatory or punitive action against Plaintiffs, their family, associates, acquaintences, and collegues, including but not limited to communicating, threatening, or charging any monetary amounts due or payable by Defendant as a consequence of this lawsuit to any condominium unit or homeowner, except as a special assessment distributed equally amongst all unit owners within the Defendant community.

- d. Requiring Defendant to disseminate a copy of this Court's injunction to all of Defendant's officers, agents, and employees, as well as all owners and residents of the Defendant Association, and to further advise all residents within the condominium property of his/her/their rights and obligations under the Fair Housing Act;
- e. Requiring that Defendant's employees, agents, property management company(ies) and/or other persons who deal (on behalf of Defendant) with the rental and/or management of housing units within the Defendant condominium be trained as to the terms of the Fair Housing Act, and its implementing regulations;
- f. Requiring that the Defendant maintain for inspection in it offices, during all regular business hours, by Plaintiffs and all other lawful residents of the condominium, copies of the Fair Housing Act, Fair Housing Amendments Act, telephone number for the U.S. Department of Housing and Urban Development for complaints with regards to the Fair Housing Act, and (within 30 days after entry of the permanent injunction in this case) continuing proof of compliance with all terms and conditions set forth by the final permanent injunction fashioned by the Court in this case.

(iii) awarding reasonable attorney's fee and litigation costs pursuant, *inter alia*, to *42 U.S.C. §3613(c)(2); Fla. Stat. §760.35(2);* and

(iv) entering all other relief as is deemed just and equitable under the circumstances presented.

## COUNT II:
## VIOLATION OF THE FLORIDA FAIR HOUSING ACT

42. The allegations of paragraphs 1 through 29 are hereby re-alleged as if fully set forth herein.

43. This is an action for injunctive relief and damages pursuant to the Florida Fair Housing Act, which provides for a civil action to remedy housing discrimination against disabled persons.

44. Pursuant to Chapter 760.35(2), Florida Statutes, if this Court finds that a discriminatory housing practice has occurred, the Court may award to the Plaintiffs actual and punitive damages, as well as injunctive relief.

45. Defendant's conduct as set forth hereinabove constitutes a discriminatory housing practice and a violation of the Florida Fair Housing Act.

46. F.S. 760.37 states in relevant part:

*"It is unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise of, or on account of her or his having exercised, or on account of her or his having aided or encouraged any other person in the exercise of any right granted under ss. 760.20-760.37. This section may be enforced by appropriate administrative or civil action."*

47. Plaintiff Teresa exercised her rights under ss. 760.20-760.37 by and through filing the Lawsuit against the Association; and (ii) reporting the Associations discriminatory housing practices to the Palm Beach County Office of Equal Opportunity (OEO) and HUD

48. Plaintiff Bruce aided Plaintiff Teresa in exercising her rights.

49. The Association retaliated, coerced, intimidated and interfered with the Plaintiffs as a result of them exercising their rights as more fully described in the general allegation above.

50. The Defendant's conduct as described more fully above is intentional and malicious, and undertaken with reckless and wanton disregard for Plaintiffs' civil rights and health, causing Plaintiffs to suffer from severe emotional and psychological stress and distress, and warranting an award of compensatory and punitive damages.

51. Plaintiffs have retained the undersigned counsel to bring this action and is entitled to recover her reasonable attorney's fees and costs pursuant to Chapter 760.352, Florida Statutes.

WHEREFORE, Plaintiffs demand judgment against the Defendant:

(i)     awarding compensatory damages;

(ii)    awarding temporary and permanent injunctive relief:

    a. preventing the Association from any further retaliation against the Plaintiffs for exercising their legal rights under the Florida Fair Housing Act and report violations of to the proper authorities;

    b. Prohibiting Defendant, including any officer, agent, or employee of Defendant, from threatening to take, taking, or continuing, any retaliatory or punitive action against Plaintiffs including but not limited to communicating, threatening, or charging any monetary amounts due or payable by Defendant as a consequence of this lawsuit to any condominium unit or homeowner, except as a special assessment distributed equally amongst all unit owners within the Defendant community;

    c. Requiring Defendant to disseminate a copy of this Court's injunction to all of Defendant's officers, agents, and employees, as well as all owners and residents of the Defendant Association, and to further advise all residents within the condominium property of his/her/their rights and obligations under the Fair Housing Act;

    d. Requiring that Defendant's employees, agents, property management company(ies) and/or other persons who deal (on behalf of Defendant) with the rental and/or management of housing units within the Defendant condominium be trained as to the terms of the Fair Housing Act, and its implementing regulations;

    e. Requiring that the Defendant maintain for inspection in it offices, during all regular business hours, by Plaintiffs and all other lawful residents of the condominium, copies of the Florida Fair Housing Act, Fair Housing Amendments Act, telephone number for the U.S. Department of Housing and Urban Development for complaints with regards to the Fair Housing Act, and (within 30 days after entry of the permanent injunction in this case) continuing proof of compliance with all terms and conditions set forth by the final permanent injunction fashioned by the Court in this case.

(iii) awarding reasonable attorney's fee and litigation costs pursuant, *inter alia*, to *42 U.S.C.§3613(c)(2); Fla. Stat. §760.35(2);* and

(iv) entering all other relief as is deemed just and equitable under the circumstances presented.

## COUNT III:
## VIOLATION OF THE DECLARATION OF CONDOMINIUM

52. The allegations of paragraphs 1 through 29 are hereby re-alleged as if fully set forth herein.

53. F.S. 718.303 Obligations of owners and occupants; remedies states in relevant part:

> *"(1) Each unit owner, each tenant and other invitee, and each association is governed by, and must comply with the provisions of, this chapter, the declaration, the documents creating the association, and the association bylaws which shall be deemed expressly incorporated into any lease of a unit. Actions for damages or for injunctive relief, or both, for failure to comply with these provisions may be brought by the association or by a unit owner against:*
>     *(a) The association."*
>
> *"A unit owner prevailing in an action between the association and the unit owner under this section, in addition to recovering his or her reasonable attorney's fees, may recover additional amounts as determined by the court to be necessary to reimburse the unit owner for his or her share of assessments levied by the association to fund its expenses of the litigation."*

54. Article XIII of the Declaration grants the unit owners the *"the exclusive right to the use thereof"* of the unit owner's parking space. See Exhibit B.

55. The Plaintiffs' own the Parking Spaces (4-20 and 4-17). See Exhibit A.

56. In February 2020, the Association took exclusive possession of the Plaintiffs' Parking Spaces and denied the Plaintiffs their exclusive right to use the Parking Spaces in violation of Article XIII of the Declaration. See Exhibit B.

57. Article XIII of the Declaration states in relevant part:

*"the prevailing party shall be entitled to recover the costs of the proceeding and such reasonable attorneys' fees as may be awarded by the Court."* See Exhibit B.

58. Moreover, pursuant to F.S. 718.303, the Plaintiffs are entitled to reasonable attorney fees and the Plaintiffs share of assessments levied by the Association to fund its expenses of the litigation.

WHEREFORE, Plaintiffs demand judgment in their favor against the Association for damages sustained as a result of the Association's violation of the Declaration, together with costs, reasonable attorneys fees and reimbursement of the Plaintiffs share of assessments levies by the Association to funds its expenses of the litigation, pursuant to F.S. 718.303 and the Declaration, together with any further relief this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED this 2nd day of March, 2020.　　　　　Respectfully submitted,

/s/ *Neil Bryan Tygar*
Neil Bryan Tygar, Esq.
Neil Bryan Tygar, P.A.
Attorney for Plaintiffs
Bar No. 0911100
5341 W. Atlantic Ave, #303
Delray Beach, FL 33484
Telephone:　　(561) 455-0280
Facsimile:　　(561) 455-0281
Email:　　　　ntygar@me.com

## VERIFICATION

Under penalty of perjury, we declare that we have read the foregoing Complaint, and all the facts alleged therein are true and correct to the best of my/our knowledge and belief.

Executed on this \_\_\_2\_\_\_ day of March, 2020.

_____
Teresa Petricca

_____
Bruce Petricca